UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASON KENNEDY, ET AL., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO. 3:24-cv-1279-SFR |
| | : | |
| NATIONWIDE GENERAL INSURANCE | : | |
| COMPANY, ET AL., | : | |
| | : | |
| Defendants. | : | |

ORDER ON DEFENDANT NATIONWIDE GENERAL INSURANCE
COMPANY'S MOTION TO QUASH

Pending before the court is Defendant Nationwide General Insurance Company's Motion
to Quash a 30(b)(6) deposition notice directed at it. (Dkt. #53.) For the reasons that follow,
Nationwide's Motion to Quash is GRANTED.

I.    BACKGROUND

This action arises out of a tragic motor vehicle accident that resulted in the death of Jason
Fonseca Kennedy. (Dkt. #1 ¶ 17.) Plaintiffs Jason Kennedy and Marlene Fonseca-Silva, as co-
administers of the decedent's estate, commenced this action on August 1, 2024 against Nationwide
General Insurance Company, Liberty Mutual Fire Insurance Company, and Incline Casualty
Company seeking compensatory damages pursuant to insurance policies in connection with the
accident.[1] (Dkt. #1.) Plaintiffs allege that at the time of the accident, the decedent was covered
under an insurance policy issued by Nationwide.[2] *Id.* ¶ 26, 29-30. Plaintiffs contend that the

---

[1] Although Plaintiffs name three defendants in the action, the instant Motion pertains only to
Defendant Nationwide General Insurance Company.

[2] In the Complaint, Plaintiffs specifically identify the disputed Nationwide insurance policy using
its policy number: ACP BA013220151782. (Dkt. # 1 ¶ 27.)

1

decedent was a covered person and therefore Nationwide is obligated to pay monies—including underinsured motorist coverage—up to the limits available under the insurance policy. *Id.* ¶ 34. By contrast, Defendant Nationwide argues that the decedent was *not* covered under the policy because he was not driving a covered automobile. (Dkt. # 53 at 1.)

On August 13, 2025, Plaintiffs served Defendant Nationwide with a 30(b)(6) deposition notice. (Dkt. # 53-2.) As part of that notice, Plaintiffs intended to depose a representative of Nationwide regarding ten (10) topics and for the representative to produce ten (10) documents. *Id.* at 5-7. In response, Nationwide filed the instant Motion to Quash the deposition notice, arguing that the subpoena is not relevant to any claim or defense because this is "a coverage dispute and, therefore, only a question of law" for the Court in interpreting the policy. (Dkt. # 53 at 3.) Plaintiffs opposed the Motion on September 11, 2025. (Dkt. 60.).

II.    LEGAL STANDARD

As a general matter, parties are entitled to obtain discovery relating to any non-privileged matter relevant to the litigation. Fed. R. Civ. P. 26(b)(1). Although courts generally interpret discovery provisions liberally, limits do exist. For instance, the Federal Rules of Civil Procedure direct a court to quash or modify subpoena in limited circumstances, including when it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

In response to a motion to quash, the "party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Torcasio v. New Canaan Bd. of Educ.*, No. 3:15-CV-53 (AWT), 2016 U.S. Dist. LEXIS 8683, at *6 (D. Conn. Jan. 26, 2016) (quotations and citations omitted). After a showing of relevance has been made, the burden of persuasion shifts to the moving party to quash the subpoena. *Id.* In evaluating whether an undue burden exists for purposes of a motion to quash, a

2

court "weigh[s] the burden to the subpoenaed party against the value of the information to the serving party." *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005). Ultimately, a trial court is afforded broad discretion in determining whether a subpoena imposes an undue burden. *Id.*

III.    DISCUSSION

Nationwide moves to quash the 30(b)(6) subpoena notice on relevance grounds, arguing that a deposition of a Nationwide representative has no bearing on the underlying coverage dispute. (Dkt. #53 at 3.) The Court agrees. In the Complaint, Plaintiffs allege that: (1) decedent "was a listed driver" on the insurance policy; (2) decedent was an "insured and/or covered person" under the insurance policy; and (3) under the terms of the aforementioned policy, Plaintiffs are entitled to recover uninsured and/or underinsured motorist coverage. (Dkt. #1 ¶ 29, 30, 34.) Nationwide denies those allegations, *see* dkt. # 36, and maintains that the decedent was not covered under the insurance policy. (Dkt. # 53 1, 3.) Therefore, the crux of the dispute appears to turn on whether or not Nationwide, under the terms of the identified policy, is obligated to pay Plaintiffs the relevant coverage amount. Because Nationwide has already produced the entire insurance policy to Plaintiffs, dkt. # 53 at 1, the Court is unable to discern how deposing a representative of Nationwide could further elicit information as to whether or not the decedent was covered under the policy.

In their Opposition, Plaintiffs urge the Court to consider Connecticut General Statutes § 38a-336, which requires all automobile liability insurance policies to include uninsured and underinsured motorist coverage. Dkt. # 60 at 1-2, 6; *see also* Conn. Get. Stat § 38a-336. According to Plaintiffs, because Nationwide is seeking to exclude decedent from underinsured motorist coverage, they can only do so pursuant to an express statutory or regulatory authorization. *Id.* at 6. Plaintiffs assert that there is no such authorization to exclude underinsured motorist coverage here

3

and this entitles the Plaintiffs to recover. *Id.* at 1, 6. While a compelling argument, it misinterprets the dispute currently before the Court. The issue is not whether the Nationwide policy omitted uninsured and underinsured motorist coverage as required by Connecticut law, but as noted herein, whether the decedent *himself* was covered under the insurance policy (thereby providing an avenue of relief for the Plaintiffs). Plaintiffs have not provided a sufficient need for the 30(b)(6) deposition on this basis.

Finally, Plaintiffs direct the Court to several principles of contract interpretation. For example, they argue that "any ambiguity in the terms of an insurance policy must be construed in favor of the insured," and that "extrinsic evidence may be considered in determining the parties' intentions regarding the scope of coverage." (Dkt. # 60 at 5.) While those legal principles may be applicable at the summary judgment stage, neither is applicable here. *See Zamichiei v. CSAA Fire & Cas. Ins. Co.*, No. 3:16-cv-739 (VAB), 2018 U.S. Dist. LEXIS 26956, at *10 (D. Conn. 2018) ("Whether a contract is unambiguous is a question of law for the Court, appropriately decided at the *summary judgment* stage.") (emphasis added). For purposes of the Motion to Quash, the Court is not opining on whether or not there is an ambiguity in the insurance policy, but deciding the relevance of the discovery request.

Plaintiffs do not point to any potentially ambiguous or disputed terms in the insurance policy.[3] Without such a showing, the Court is unable to determine how Nationwide's intent has relevance to this insurance coverage dispute.

---

[3] The only time Plaintiffs mention "ambiguity" in their Opposition is when stating the legal principle itself. *See* dkt. # 60.

IV.    <u>CONCLUSION</u>

For the aforementioned reasons, Defendant Nationwide's Motion to Quash the 30(b)(6) deposition notice is GRANTED.[4] This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED on this 29th day of September, 2025 at Hartford, Connecticut.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge

---

[4] Defendant Nationwide's Motion for a Protective Order is DENIED without prejudice to refiling at a later date.